UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONNA L. CRAWFORD                                                                                    PLAINTIFF

v.                                                                               CIVIL ACTION NO. 3:12CV-164-S

COMMUNITY ACTION OF KENTUCKY (CASI) *et al*.                      DEFENDANTS

MEMORANDUM OPINION

Plaintiff, Donna L. Crawford, proceeding *in forma pauperis* has filed a *pro se* Complaint pursuant to "U.S. Code 42 breaking law" (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

I. SUMMARY OF CLAIMS

Plaintiff brings this Complaint against the following Defendants: "Community Action of Kentucky (CASI)"; John Meyer; Mrs. Warren; Mrs. Belt; and "All Staff at Community Action (CASI)." As relief in this action, Plaintiff requests "2 seats in the class for me 1 seat and 1 seat for my business partner . . . ." She also requests "my loan application and my loan and Jump Start money for Community Action."

In her Complaint, Plaintiff states the grounds for filing this action as follows: "I was denied federal funding and federal business educational business seats in their class Micro Enterprise Class. Was promised Jump Start Money/monies and $10,000 in Loan Application money." She further states, "I was First person to sign up for Community Action Micro Enterprise Class. I gave 20 more Refferrals for my friends And collegues to Attend. I am a U.S. Veteran and the I was this class for my business training and Small Business training through Small Business Association." Concluding her allegations, Plaintiff contends that:

> All Community Action Staff must be held responsible for denying black and minorities, U.S. military veterans in their classes, discriminating not giving them their 10,000 After they graduate from the Program Community Ventures Corporation and Community Action (CASI) classes, business classes and micro-Enterprises classes. Discriminating Community Ventures did not give 1 black [illegible] grant money or loan after we graduated making excuses, but all the white business that Applied received the money. Mr. Reid said that if you students came just to get the money you are here for the wrong reasons.

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Being mindful of its obligation to view the Complaint in the light most favorable to Plaintiff, the Court liberally construes Plaintiff's Complaint as being brought under 42 U.S.C. § 1983 (§ 1983) for violation of her right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution.  The Fourteenth Amendment provides in pertinent part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.  Since the Fourteenth Amendment is directed to the states and state action, private action is not within its scope of protection.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Congress has provided a remedy against state actors for violations of the Equal Protection Clause in 42 U.S.C. § 1983.  The Sixth Circuit has held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government.  *Thomas v. Shipka*, 818 F.2d 496, 499-504 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).

>Title 42, United States Code, Section 1983 provides in pertinent part as follows:
>
>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a claim under § 1983, Plaintiff must allege a violation of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). "[I]t is clear that in a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 929. Thus, for Plaintiff to state a viable action, Defendants' conduct must be fairly attributable to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982); *Simescu v. Emmet Cnty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991).

It is unclear whether the named Defendants in this action are state or private actors. If they are private actors, Plaintiff has no viable action directly under the Fourteenth Amendment since private action is not within its scope of protection. However, if Defendants are state agencies and actors, her exclusive remedy against them is under 42 U.S.C. § 1983, and such a claim is likewise not viable.

Assuming Defendant Community Action of Kentucky (CASI) is a state agency, a § 1983 action against it must be dismissed on two bases. First, a state and its agencies are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Secondarily, the action is barred

4

by Eleventh Amendment immunity. The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State.

U.S. Const. amend. XI. Unless Eleventh Amendment immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-74 (1987); *Papasan v. Allain*, 478 U.S. 265, 276-79 (1986); *Green v. Mansour*, 474 U.S. 64, 72-3 (1985); *Hutsell v. Sayre,* 5 F.3d 996, 999 (6th Cir. 1993); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381 (6th Cir. 1993). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Quern v. Jordan,* 440 U.S. 332, 341-45 (1979); *Whittington v. Milby*, 928 F.2d l88, 193 (6th Cir. 1991). Thus, to the extent Defendant Community Action of Kentucky (CASI) is a state agency, it is immune from a § 1983 claim.

Plaintiff's § 1983 claim fails not just as to Community Action of Kentucky (CASI), but to all Defendants as well. In order to state a claim under § 1983, Plaintiff must allege a violation of a right secured by the Constitution and laws of the United States. Failure to identify a right, privilege, or immunity secured by the Constitution that was violated merits dismissal of an action for failure to state a claim upon which relief may be granted. *Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991). The Court construes Plaintiff's claim as alleging that she was denied equal protection. The Fourteenth Amendment's Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prove a violation of the

Equal Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent. *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 (1979); *Washington v. Davis*, 426 U.S. 229 (1976) "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney,* 442 U.S. at 279.

Plaintiff fails to set forth any facts showing how she was treated differently from others similarly situated to her.  Further, the Complaint is void of any factual allegation that supports an invidious discriminatory purpose or intent on the part of any Defendant.  Plaintiff does not point to any decisionmaker who engaged in a course of conduct because of its impact on a certain group of people.  The Court is not required to accept bare legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Therefore, Plaintiff's § 1983 claim fails.

### IV.  <u>CONCLUSION</u>

Having failed to state a claim upon which relief may be granted, this action will be dismissed by separate Order.

Date:   July 13, 2012

**Charles R. Simpson III, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4411.003

6